IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TOMMY DANYSH<br>*Plaintiff*<br><br>v.<br><br>BP PRODUCTS, NORTH AMERICA<br>*Defendant* | §<br>§<br>§<br>§ CIVIL ACTION NO. 4:12-cv-03377<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF TOMMY DANYSH, hereinafter "Danysh" brings this suit against and complains of BP PRODUCTS, NORTH AMERICA, hereinafter "BP N.A.", Defendant, as follows:

### A.

### PARTIES

1. Plaintiff, TOMMY DANYSH, is an individual, residing in the State of Texas.

2. Defendant, BP PRODUCTS, NORTH AMERICA, is a Delaware corporation with a Registered Agent for service in the State of Texas having been identified as CT Corporation with the address given below.

## A.

Said Defendant lists their registered agent as C. T. Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.

3. Said Defendant maintains a base of operations in Galveston and Harris Counties, Texas.

## B.

## JURISDICTION AND VENUE

4. This action arises under the laws of the United States, specifically (1) Age Discrimination in Employment Act (ADEA), 29 U.S.C.§ 623(d); (2) Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Acts of 1991; (3) 42 U.S.C. § 2000e-5(f)(1) and (3).

5. Accordingly, this Court has jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. § 1331.

## C.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

6. Plaintiff Danysh timely filed with the Equal Employment Opportunity Commission, hereinafter "EEOC", a charge of age discrimination against BP N.A., with the actions of Defendant including and/or contributing to race discrimination, retaliation and the subjection of Plaintiff Danysh to a hostile work environment.

Plaintiff received a notice of right to sue from the EEOC within 90 days of filing this complaint. A copy of said notice, is attached as Exhibit "A".

## D.

## STATEMENT OF FACTS

7. Plaintiff TOMMY DANYSH is a 54 year old white male who had worked as an employee for the Defendant for more than 27 years.

8. Mr. Danysh, during his initial employ was a lab tech, then moved on to work as utility operator, as well Shift Supervisor for Power 2 where he trained other workers.

9. Mr. Danysh was subjected to a hostile work environment that continued throughout his employment with coworkers and supervisors referring to Blacks as niggers and other racial slurs.

10. Mr. Danysh was encouraged to subject minorities to discriminate/disparate work conditions and/or evaluation, but refused. Because of his opposition to the mistreatment of minorities and his unwillingness to participate in such, he was ultimately ostracized, black balled, and subjected to harassment, hostile and disparate work conditions/evaluations, conspired against, and set up to fail.

11. Plaintiff Danysh befriended blacks rather than participating in the racially tinged environment maintained and permitted by Defendants. Plaintiff was

known to be supportive of Blacks and other minorities or nonwhites who had filed or anticipated discrimination complaints against Defendants; treating coworkers the same regardless of race, culture or nationality. As a result, Plaintiff was ostracized and retaliated against for not contributing to or participating in the racist culture of the BP work environment.

12. Defendant retaliated against Danysh due in part to his refusal to subject minority workers to racial discrimination or to participate in their unfair treatment by other agents of Defendant.

13. Danysh was further mistreated because he, in his effort to help the company and protect it from needless liability, was appropriately vocal about safety compromises and situations.

14. Tommy Danysh was particularly subjected to Defendant's habit of setting up older workers on a doomed path of failure and ultimate dismissal due to their age. Defendant has a history of systematically getting rid of older employees to replace them with younger employees.

15. As has been done to multiple older or minority workers Defendant has unlawfully, unfairly, and discriminately targeted for wrongful termination, Defendant manipulated Plaintiff's work assignments, denied appropriate training for which Plaintiff was held responsible for having, falsified/fabricated evaluation facts and outcomes concerning Plaintiff,

manipulated contrived evaluation processes intended to doom Plaintiff to unavoidable failure, manipulated unfair "Personal Improvement Plan" (PIP) intended to sabotage, undermine Plaintiff's work and success opportunities so as to serve as pretextual basis for his inevitable wrongful termination.

16. Mr. Danysh performed his work with diligence throughout his employ with BP, receiving favorable evaluations initially. Yet, after Plaintiff refused to mistreat minorities, was known to support and befriend minorities, he began to notice that he increasingly treated less favorably and ostracized.

17. Defendants, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and 42 U.S.C. § 1981, subjected Plaintiff discriminatory treatment, retaliation, and hostile work environment on the basis of his association, friendship, support, and advocacy of Blacks and/or other minorities, and his unwillingness to participate in the culture of racism which permeated the BP work environment.

18. Mr. Danysh's observations and experiences with BP declined also with his increase in age, with increasingly manipulated, inaccurate, unfairly negative evaluations even though his performance merited and deserved far better. Defendant's biased testing/evaluations, work assignments and employment decision methods strongly indicated that he was discriminated against

because of his age, when nothing in his work, testing, stature, evident health, etc. would or should indicate any inability to perform requisite tasks.

19. BP's discriminately unfair targeting of older workers was also evidenced by some of the improper comments regarding age made by one or more BP agents; at least one of whom openly stated that BP needed to get rid of the old guys.

20. Once BP decided to target Plaintiff, he was set up to fail or was sabotaged in his work assignments, denied requisite training so as to fail, subjected to untruthful evaluations, etc. Plaintiff also noted that documentation was placed in his file without his knowledge or review.

21. BP permitted, or at the very least failed to address and eradicate, the biased, hostile, unfair, and improper mistreatment Mr. Danysh was subjected to.

22. After extensive unfair treatment and targeting of Plaintiff, Danysh was constructively wrongfully terminated on November 3, 2011.

23. The defendant's course of conduct was a clear example of age discrimination, retaliation, racial discrimination. As a result of the above, Plaintiff properly made complaints with his employer and then filed with the Equal Employment Opportunity Office ("EEOC") and concurrently with Texas Workforce Commission on April 15, 2012. Subsequently, the EEOC

gave him the Right to Sue Letter, pursuant to which he files this Original Complaint. The Right to Sue Letter is attached hereto.

## E.

## CAUSES OF ACTION

24. Race Discrimination, and Retaliation Under Title VII of the Civil Rights Act.

25. Plaintiff TOMMY DANYSH repeats and re-alleges paragraphs 1 through 23, as though fully set forth herein.

26. Defendant's actions demonstrate that it has engaged in age and race discrimination and a retaliatory practice with malice or with reckless indifference to Plaintiff's protected rights under federal age and race discrimination laws, particularly Age Discrimination in Employment Act and Title VII.

27. Plaintiff avers that Defendant's unlawful age and race discrimination and retaliatory actions against him violate the provisions and protections of state and federal employment laws and is in violation of Title VII of the Civil Rights Act of 1954, as amended by the Civil Rights Act of 1991, paragraph 703(a) which justifies an award, inter alia, of compensatory and punitive damages against Defendant.

28.  Such discrimination and retaliation has caused Plaintiff to suffer damages, including wrongfully denied employment and opportunity and emotional distress. Defendant committed these acts of discrimination and retaliation against Plaintiff with malice and reckless indifference to the rights of Plaintiff.

29.  As a direct result of Defendant's actions against Plaintiff, Plaintiff has been subjected to past and future pecuniary losses, emotional and economic pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of Defendant's retaliatory practices.

## F.

## DEMAND FOR A JURY

27.  Plaintiff demands a jury trial.

## G.

## DAMAGES

28.  Plaintiff is entitled to an award of actual and compensatory damages in an amount that exceeds the minimum jurisdictional limits of this Court. These include his past and future loss of higher wages, raises, and or bonuses. Plaintiff also seeks an award of damages for his mental anguish and the loss he has suffered, continues to suffer.

29. Further, because the Defendant's acts and omissions were committed with malice and/or with reckless disregard of the consequences, they justify the imposition of exemplary damages in addition to the compensatory damages to which Plaintiff in entitled. A reasonable amount for exemplary damages in this case should take into consideration the need to deter future conduct of this type.

30. Plaintiff also seeks compensation for the out-of-pocket expenses, attorney's fees, and costs of Court he will have incurred in this action.

31. Plaintiff maintains that any damages awarded should be set by a jury after it hears all relevant and admissible evidence.

## H.

## PRAYER

32. For these reasons, Plaintiff prays that Defendant BP N.A. be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

   a) An award of reasonable attorney's fees and the cost and expenses related to the litigation of this claim;

   b) Loss of earnings sustained by Plaintiff from date of initial discrimination and retaliation to date of trial;

c) Loss of earning and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

d) Mental anguish, embarrassment, inconvenience, pain and suffering sustained by Plaintiff from the date of initial retaliation to the end of trial;

e) Mental anguish, embarrassment, inconvenience, pain and suffering reasonably anticipated to be suffered by Plaintiff in the future;

f) Actual damages suffered by Plaintiff;

g) Punitive and exemplary damages; and

h) Pre-judgment interest at the highest rate allowed by law;

i) Post-judgment interest at the highest rate allowed by law;

j) A judgment against the Defendant for compensatory damages; and

k) Such other relief, legal or equitable, as may be warranted.

Respectfully submitted,
LAW OFFICE OF KERYL L. DOUGLAS

/s/ Keryl L. Douglas
Keryl L. Douglas (Attorney-In-Charge)
Fed. ID: 1075724
TBN: 24060880
5804 Bayou Bend Court
Houston, TX  77004
Telephone (713) 819-9945
Facsimile:  (713) 589-6823

*ATTORNEY FOR PLAINTIFF*
*TOMMY DANYSH*

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Tommy Danysh<br>4907 Rayford Lane<br>Santa Fe, TX 77510 | From: | Houston District Office<br>Total Plaza<br>1201 Louisiana, Suite 600<br>Houston, TX 77002 |
|---|---|---|---|

☐    On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2012-01905 | John M. Krieger, Investigator | (713) 651-4989 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     8/17/12
R.J. Ruff, Jr.,                     (Date Mailed)
District Director

Enclosures(s)

cc:    Mark Crawford                         Keryl Douglas
       Managing Attorney               Attorney at Law
       BP AMERICA                      5804 Bayou Bend Court
       501 Westlake Park Blvd.        Houston, TX 77004
       MC 16.146
       Houston, TX 77079